T.C. Summary Opinion 2002-50


UNITED STATES TAX COURT


CARL L. RICHEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15679-99S.                    Filed May 9, 2002.


Carl L. Richey, pro se.

John Aletta, for respondent.


DINAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes:

| Taxable | | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| --- | --- | --- | --- | --- |
| 1995 | $5,881 | $682 | ---- | $148 |
| 1996 | 6,483 | 767 | $409 | 165 |

After concessions, the sole issue remaining for decision is whether petitioner is liable for the various additions to tax determined by respondent.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Verbank, New York, on the date the petition was filed in this case.

Petitioner suffered from prostate cancer and received medical treatments relating thereto starting in 1990. In 1995,

---

[1]Petitioner concedes all other adjustments in the statutory notices of deficiency. The parties stipulated to certain items of income received by petitioner. With one exception, this income is reflected in the notices of deficiency. The exception is a State income tax refund of $131 which is includable in petitioner's gross income in 1995. In addition, respondent concedes that petitioner is entitled to deductions not reflected in the notices--to alimony deductions of $7,700 for 1995 and $18,800 for 1996, and to deductions (subject to the adjusted gross income limitation of sec. 213(a)) for medical expenses of $9,284 in 1995 and $11,460 in 1996.

petitioner contracted Lyme disease, which required two operations in 1998 and 1999. Petitioner currently suffers from lung cancer and is undergoing chemotherapy.

During 1995 and 1996, petitioner received numerous medical treatments, including psychiatric treatment, acupuncture, and drug therapy, related to his treatment for Lyme disease. However, during this time petitioner continued his employment as a manager of a hunting and fishing club and continued to operate a small kennel business related to his employment. Petitioner divorced and remarried during 1996. After his remarriage, petitioner's wife was involved with at least a portion of petitioner's finances, including making mortgage payments.

With assistance from his accountant, petitioner requested and received extensions of time to file both his 1995 and 1996 tax returns until October 15 of the years 1996 and 1997 for each respective return. However, he did not file the returns until October 14 and 18, 1999, respectively. Prior to petitioner's filing the returns, respondent had already prepared a substitute return for each year on March 5, 1999, and issued the statutory notice of deficiency for each year on July 21, 1999.

We first address whether petitioner is liable for the section 6651(a)(1) and (2) additions to tax for failure to file a return and pay the tax shown thereon. Paragraph (1) of section 6651(a) imposes an addition to tax for failure to file a timely

return. This addition to tax equals 5 percent of the amount required to be shown as tax on the return for each month, or fraction thereof, during which the failure to file continues, up to a maximum of 25 percent. Sec. 6651(a)(1). For purposes of computing the addition to tax, the amount required to be shown on the return is reduced by the amount of any credit against the tax which may be claimed on the return, and by the amount of the tax which is paid on or before the date prescribed for payment of the tax. Sec. 6651(b)(1).

Paragraph (2) of section 6651(a) imposes an addition to tax for failure to pay the amount of tax shown on a return in a timely manner. This addition to tax equals 0.5 percent of the amount shown as tax on the return for each month, or fraction thereof, during which the failure to pay continues, up to a maximum of 25 percent. Sec. 6651(a)(2). For taxable years for which a return is due after July 30, 1996 (without regard to extensions), if a taxpayer fails to file a return the paragraph (2) addition to tax may be calculated based upon the tax shown on the substitute return prepared by the Secretary pursuant to section 6020(b). Sec. 6651(g)(2); Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 1301(b), 110 Stat. 1475 (1996). For purposes of computing the addition to tax for any given month, the amount of tax on the return is reduced by the amount of any credit against the tax which may be claimed on the return, and by

the amount of the tax which is paid on or before such month. Sec. 6651(b)(2).

The amount of the addition to tax under paragraph (1) generally is reduced by the amount of the addition to tax under paragraph (2) with respect to each month in which both are otherwise applicable. Sec. 6651(c)(1).

A taxpayer may avoid the additions to tax under one or both paragraphs if he establishes that the failure to file and/or pay is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1) and (2). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985). "Willful neglect" means a conscious, intentional failure or reckless indifference. Id. at 245.

Petitioner filed returns for taxable years 1995 and 1996 in October 1999, after respondent had already prepared a substitute return and issued a notice of deficiency for each year. Petitioner testified that during the relevant time period, he was in and out of the hospital and "didn't know where I was at, what I was doing." However, at the same time petitioner was divorced and remarried, and was able to continue his employment as well as operate a small business. Petitioner also was able to request extensions of time to file his tax returns for both 1995 and

1996. Furthermore, petitioner's wife was available to assist petitioner with his finances for at least a portion of the time, and petitioner also had an accountant available who helped him request the extensions of time to file. Consequently, while we are sympathetic of petitioner's situation, we find that he did not have reasonable cause for failing to file timely his 1995 and 1996 Federal income tax returns and to pay the tax shown on the 1996 substitute return. We sustain respondent's determination that petitioner is liable for the additions to tax under section 6651(a)(1) and (2). The correct amounts of the additions to tax must be calculated in the Rule 155 computations required in this case.

We next address whether petitioner is liable for the section 6654(a) addition to tax for failure to make estimated Federal income tax payments for 1995 and 1996. Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of the section 6654(a) addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute. See sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

Petitioner did not address this issue separately from the section 6651(a) issue. However, there is no "reasonable cause"

exception for the section 6654(a) addition to tax similar to that for the section 6651(a) additions to tax. Nothing in the record indicates petitioner made the required amount of estimated tax payments for taxable years 1995 and 1996, and petitioner does not argue, and the record does not indicate, that any of the statutory exceptions apply. We sustain respondent's determination that petitioner is liable for the additions to tax under section 6654(a). The applicability of the additions to tax after concessions, and the correct amounts thereof, must be calculated in the Rule 155 computations required in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.